IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW BAILEY, in his official capacity as ATTORNEY GENERAL OF THE STATE OF MISSOURI; JAMES L. GRAY, in his official capacity as President of the Missouri Board of Pharmacy; CHRISTAN S. TADRUS, in his official capacity as Vice-President of the Missouri Board of Pharmacy; and DOUGLAS R. LANG, ANITA K. PARRAN, COLBY GROVE, TAMMY THOMPSON, and DARREN HARRIS, in their official capacities as members of the Missouri Board of Pharmacy,<br><br>Defendants.<br><br>v.<br><br>MISSOURI HOSPTIAL ASSOCIATION, And MISSOURI PRIMARY CARE ASSOCIATION,<br><br>Intervenors | Case No. 2:24-cv-04144-MDH |

## ORDER

Before the Court is State Defendants' Motion for Transfer to the United States District Court for the Eastern District of Missouri (Doc. 18). Plaintiff has filed its suggestions in opposition (Doc. 26) and State Defendants filed their reply (Doc. 38). The matter is ripe for review. For the reasons stated herein, the Court **DENIES** State Defendants' Motion for Transfer to the United States District Court for the Eastern District of Missouri.

## BACKGROUND

1

This case arises out of Senate Bill ("S.B.") 751 which created protections to the delivery of 340B drugs to contract pharmacies on behalf of "covered entities". Section 340B incentivizes pharmaceutical manufactures to provide qualified health care providers, referred to as "covered entities," with pricing discounts on certain drugs prescribed to individuals and families whose income falls below the federal poverty level. Covered entities have contracted with outside pharmacies or "contract pharmacies," for the distribution and dispensation of 340B drugs. S.B. 751 protects hospitals, federal qualified health centers ("FQHC"), and their patients from drug manufacturers' restrictions on the number of contract pharmacies a hospital or FQHC can use and still receive discount pricing under the 340B plan. Plaintiff is a trade association with its headquarters and principal place of business in Washington, DC. Defendants are all residents of Missouri that are responsible for administering and enforcing the provisions of S.B. 751. Intervenors Missouri Hospital Association and Missouri Primary Care Association are Missouri, not-for-profit member organizations.

The first filed case to challenge S.B. 751 was filed in the United States Federal District Court for the Eastern District of Missouri ("Eastern District") on July 22, 2024. *See AbbVie et al. v. Bailey et al.*, No. 4:24-cv-00996-SRC (E.D. Mo. July 22, 2024). Since then, three cases have been filed in the United States Federal District Court for the Western District of Missouri ("Western District"), including the current action. *See Novartis Pharmaceuticals Corp. v. Bailey et al.*, No. 2:24-cv-04131-MDH (W.D. Mo. August 2, 2024); *AstraZeneca Pharmaceuticals LP v. Bailey et. al.*, No. 2:24-cv-04143-MDH (W.D. Mo. August 21, 2024); and *Pharmaceutical Research and Mfrs. of America v. Bailey et. al*, No. 2:24-cv-04144-MDH (W.D. Mo. August 22, 2024). State Defendants seek to transfer the case to the Eastern District of Missouri arguing it is more convenient for the parties, witnesses, and it is in the interests of justice and judicial economy.

## STANDARD

Section 1404(a) governs the ability of a federal district court to transfer a case to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Such case-specific factors include (1) the convenience to the parties and the witnesses, (2) the interests of justice, and (3) judicial economy. *Id*. at 913–16. "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.*

## ANALYSIS

### I. Convenience of the Parties and Witnesses

Defendants first argue that Plaintiff's choice of forum should be given minimal deference since the forum itself is inconvenient to Plaintiff. Additionally, Defendants argue that the Eastern District is more convenient for both the parties and witnesses because counsel has offices located in St. Louis and a majority of the members of the Missouri Board of Pharmacy reside within the Eastern District. Plaintiff argues the Western District is convenient for all parties given State Defendant's principal offices are located within the Western District.

The general practice of according to deference is based on the assumption that plaintiff's choice will be a convenient one. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). "When a plaintiff seeks to sue Missouri officials for official actions, the Western District is the proper venue for such a case generally." *Missouri v. Biden*, No. 4:24-CV-00520-JAR, 2024 WL 3104514, at *19 (E.D. Mo. June 24, 2024). *See also Veneri v. Cir. Ct. of Gasconade Cnty.*, 528 F. Supp. 496, 499 (E.D. Mo. 1981) ("[I]t would appear that the proper venue of an action directed against the Board and its members in their official capacity would be in Jefferson City, the location of the office and headquarters of the Board.").

Plaintiff's choice of forum should be given deference. Here, Plaintiff had two options to bring its lawsuit against S.B. 751. Plaintiff could bring their lawsuit either in the Eastern or Western District. Plaintiff filed its lawsuit challenging the constitutionality of a state law in the place where the law was enacted by the legislature and will be enforced by the Defendants, in the Western District of Missouri. Jefferson City is the seat of Government in Missouri and situated within the Central Division of the Western District of Missouri. The Attorney General's Office and the Missouri Board of Pharmacy maintain their principal offices in Jefferson City. Plaintiff's choice of forum is proper. State Defendants have failed to show that the convenience of the parties and witnesses would be more convenient in the Eastern District than located in the district where the seat of Government resides and where the principal offices are located for the Missouri Attorney General's Office and the Missouri Board of Pharmacy.

## II. Interest of Justice and Judicial Economy

State Defendant's argue that the interests of justice and judicial economy favor transfer because there is already another, nearly identical case pending in the Eastern District. Plaintiff

argues that the Eastern District case does not have a pending preliminary-injunction motion; the Western District cases are farther along; and there are more similar cases in the Western District.

The *AbbVie* case in the Eastern District is not as far along as the three cases from the Western District. As of this Order, the *AbbVie* case has been fully briefed on Defendant's Motion to Dismiss. However, the Eastern District is still deciding the issue of whether Missouri Hospital Association and Missouri Primary Care Association may intervene in the case. The Eastern District still needs to weigh on if it will hold a hearing on the outstanding motions submitted by AbbVie Inc. Whereas this Court has already dispensed with the issue regarding intervenor parties Missouri Hospital Association and Missouri Primary Care Association in each of the three cases present in the Western District. *See Novartis Pharmaceuticals Corp. v. Bailey et al.*, No. 2:24-cv-04131-MDH (W.D. Mo. August 2, 2024) (Doc. 62); *AstraZeneca Pharmaceuticals LP v. Bailey et. al.*, No. 2:24-cv-04143-MDH (W.D. Mo. August 21, 2024) (Doc. 67); and *Pharmaceutical Research and Mfrs. of America v. Bailey et. al*, No. 2:24-cv-04144-MDH (W.D. Mo. August 22, 2024) (Doc. 60). Likewise, this Court has decided the issue of a hearing on outstanding motions and has been fully briefed regarding the issue of a preliminary injunction in the current case. Additionally, Motions to Dismiss in two of the three cases are fully briefed. Given that the Western District has three cases which are further along than the *AbbVie* case it cannot be said that the interests of justice and judicial economy would be best served by transferring this case to the Eastern District.

**CONCLUSION**

State Defendants have failed to show how the convenience of the parties, witnesses, and the interests of justice and judicial economy would be furthered by a transfer of this case to the United States District Court for the Eastern District of Missouri. For the reasons stated herein,

State Defendants' Motion for Transfer to the United States District Court for the Eastern District of Missouri is **DENIED**.

**IT IS SO ORDERED**.
DATED:   December 17, 2024             */s/ Douglas Harpool*
                                                            **DOUGLAS HARPOOL**
                                                            **UNITED STATES DISTRICT JUDGE**